UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUIROZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY ENNEMOH, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01449-BAM (PC)<br><br>ORDER DISMISSING ACTION<br>(ECF No. 12) |

　　　Plaintiff Carlos Quiroz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 29, 2011.  On May 21, 2013, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. 1915A and directed Plaintiff to either file an amended complaint or notify the Court that he was willing to proceed only on his cognizable claims.  (ECF No. 12.)  On June 3, 2013, the order was returned by the United States Postal Service as undeliverable and refused.

　　　Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

Accordingly, it is HEREBY ORDERED that this action is DISMISSED without prejudice based on Plaintiff's failure to prosecute and to comply with rules of the Court.

IT IS SO ORDERED.

Dated:   **August 19, 2013**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE